JOHN GANNON No.1975
Attorneys at Law
216 West Jefferson
Boise, Idaho 83702
Telephone No. (208) 433-0629
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARIA EDITH RODRIGUEZ,<br><br>　　　　　Plaintiff.<br><br>vs.<br><br>SAXON MORTGAGE SERVICES INC, a Texas Corporation and EXPERIAN INFORMATION SOLUTIONS INC, an Ohio Corporation,<br><br>　　　　　Defendants. | Case No.  10-0061-MHW<br><br>AMENDED COMPLAINT AND JURY DEMAND |

COMES NOW the Plaintiff who complains and alleges as follows:

COMMON ALLEGATIONS

I

At all times herein mentioned the Defendant Saxon Mortgage Services, Inc., (hereinafter "Saxon") is a Debt Collector as defined in the Fair Debt Collection Practices Act 15 USC 1692 et seq., and Defendant Saxon is a provider of credit information as defined in the Fair Credit Reporting Act 15 USC 1681 et seq.

II

At all times herein mention the Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a consumer reporting agency as defined and subject to the Fair Credit Reporting Act

AMENDED COMPLAINT AND JURY DEMAND - 1
R:\Gannon.John\Rodriquez\Rodriguez Comp Amended.wpd

15 USC 1681 et seq.

### III

Jurisdiction of this matter is based upon the Fair Debt Collection Practices Act (15 USC 1692K) and the Fair Credit Reporting Act 15 USC 1681.

### IV

At all times herein mentioned Plaintiff is a consumer as defined by the referenced Acts.

### V

At some time during the past decade Maria E. Rodriguez of Florida obtained a loan from a lending institution for her home in Florida. Maria E. Rodriguez of Florida acquired many debts and filed bankruptcy in August, 2008.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (Saxon)

### I

Defendant Saxon is at all times herein mentioned a debt collector by its own admission and representation.

### II

Defendant Saxon collects payments from the loans it services, including the debt it serviced which is the subject of this case.

### III

The debt which is the subject of this case was incurred by a Florida resident named Maria E. Rodriguez for personal family and household purposes.

### IV

Defendant Saxon has repeatedly represented that the debt which is the subject of this case was incurred by the Plaintiff for a home Defendant Saxon claims was purchased by her in Florida.

V

Plaintiff has resided in Nampa, Idaho for 13 years and has never lived in Florida.

VI

Defendant Saxon was provided a detailed dispute letter from Plaintiff on or about July 10, 2009, including Plaintiff's social security number and date of birth and a second dispute letter was provided on or about August 7, 2009.

VII

Saxon's own internal records show that their customer named Maria E. Rodriguez resided in Florida since the early 1990's; had a completely different social security number and indicates a different age for their customer Maria E. Rodriguez.

VIII

Never the less, Defendant Saxon has continued to the present date to claim that this debt belongs to the Plaintiff and has claimed that to Plaintiff in writing and to Defendant Experian.

IX

Defendant Saxon has violated the Fair Debt Collection Practices Act 15 USC 1692(f) in that it has engaged in unfair and unconscionable means to collect an alleged debt by:

(1) attempting to collect an amount which is not authorized by any agreement or permitted by law.

X

Defendant Saxon has violated the Fair Debt Collection Practices Act 15 USC 1692(e) by

engaging in false and misleading representations in collecting this debt by:

(2) falsely representing the character, amount and legal status of the debt

(8) communicating to credit reporting agencies and to Plaintiffs credit repair agency that the debt which is the subject of this case is Plaintiffs debt, when Saxon should know that it is not. Further, Saxon failed to report the debt is disputed.

(11) failed to ever provide debt validation notices to the Plaintiff.

XI

Defendant Saxon has failed to provide debt validation notices to the Plaintiff as required by 15 USC 1692(g).

XII

As a result of this conduct Plaintiff is entitled to actual damages including damages a loss of $12,000 in the forced sale of her truck, for credit denials which would have saved her own home in the amount of $50,000 plus damages for emotional distress and frustration in an amount to be proven at trial. Further, she has had to employ a credit repair company at a cost of $774 and spent $4500 on a mortgage modification company that did not accomplish anything.

XIII

As a further result of this conduct Plaintiff is entitled to the statutory damage of $1000 plus costs, and attorneys fees under 15 USC 1692(k).

COUNT II

FAIR CREDIT REPORTING ACT (SAXON - NEGLIGENCE)

I

At all times herein mentioned the Defendant Saxon was a provider of credit information to

AMENDED COMPLAINT AND JURY DEMAND - 4
R:\Gannon.John\Rodriquez\Rodriguez Comp Amended.wpd

the credit reporting agencies including Defendant Experian.

II

Plaintiff properly notified Defendant Experian in May, 2009, that Saxon was incorrectly reporting the account which is the subject of this case, and Experian notified Saxon and asked it to investigate.

III

Defendant Saxon negligently failed to investigate the account which is the subject of this case and negligently failed to determine that Maria E. Rodriguez of Florida is not the same person as Maria Edith Rodriguez of Nampa, Idaho.

IV

Defendant Saxon's internal records show that their customer named Maria E. Rodriguez resided in Florida since the early 1990's; had a completely different social security number and indicates a different age for their customer and negligently failed to provide a correct report to Experian.

V

As a result of this negligence of Saxon, Plaintiff is entitled to actual damages including damages a loss of $12,000 in the forced sale of her truck, for credit denials which would have saved her own home in the amount of $50,000 plus damages for emotional distress and frustration in an amount to be proven at trial. Further she has had to employ a credit repair company at a cost of $774 and spent $4500 on a mortgage modification company that did not accomplish anything.

COUNT III

FAIR CREDIT REPORTING ACT (Saxon Wilful)

I

Plaintiff re-pleads Count III except for the negligence allegations.

II

The actions of Saxon herein were so reckless and careless that they are wilful acts under the FCRA.

III

As a result of this conduct by Saxon, Plaintiff is entitled to actual damages including damages a loss of $12,000 in the forced sale of her truck, for credit denials which would have saved her own home in the amount of $50,000 plus damages for emotional distress and frustration in an amount to be proven at trial. Further she has had to employ a credit repair company at a cost of $774 and spent $4500 on a mortgage modification company that did not accomplish anything.

IV

Plaintiff is also entitled to statutory damages under the FCRA.

COUNT IV

FAIR CREDIT REPORTING ACT (Experian Pre Reinvestigation)

I

Prior to requests for reinvestigation, the Defendant Experian prepared and disseminated credit reports pertaining to Plaintiff.

II

In connection with the preparation and dissemination of credit reports pertaining to Plaintiff, the Defendant Experian merged the credit file of Maria E. Rodriguez of Florida, and included over a dozen accounts, most of which originated in Florida, as well as bankruptcy information that

pertained to her in the file of Plaintiff.

III

In connection with the preparation and dissemination of credit reports pertaining to Plaintiff, the Defendant Experian listed Plaintiff's social security number and Maria E. Rodriguez' social security number as belonging to the Plaintiff. The Defendant Experian also listed Maria E. Rodriguez' Florida address as belonging to Plaintiff.

IV

The Defendant Experian failed to use reasonable procedures to insure the maximum possible accuracy of these reports, and should have had, at the very least, procedures in place to insure that an individual would not be listed as having two social security numbers, in violation of 15 USC 1681(e)(b) as this is not only extremely rare, but probably illegal.

V

The Defendant Experian shared Plaintiff's credit information with creditors of Maria E. Rodriguez including but not limited to Defendant Maria E. Rodriguez' creditor Saxon.

VI

As a result of this conduct by Experian the Plaintiff has suffered actual damages in that she was denied credit that she needed in order to keep her home with her husband, lost $12,000 equity on her Chevrolet Tahoe because of a forced sale; and has been damaged in the amount of $50,000 or as proven at trial; and further she has sustained mental anguish and frustration in trying to deal with the problems created by the mis-merged files and has had to employ a credit repair company at a cost of $774.00; spent $4500 on a credit repair company that took her money and disappeared.

COUNT V

FAIR CREDIT REPORTING ACT (Reinvestigation)

I

On or about May 10, 2009, Plaintiff advised the Defendant Experian that the Saxon debt which is the subject of this case is not hers, and further advised Experian that she has not been bankrupt.

II

Plaintiff requested that her account be investigated for these and other errors and that her file be corrected to delete the Saxon account and delete any reference to bankruptcy.

III

It should have been obvious in any reinvestigation that the Defendant Experian had mis-merged the accounts of Plaintiff and Maria E Rodriguez of Florida because Experian was reporting two social security numbers, addresses are over a thousand miles apart, and contradictory information would result in a conclusion that the reports were wrong and Defendant Experian is therefore negligent.

IV

Defendant Experian has continued to refuse to delete the Saxon account and the bankruptcy reference in the Saxon account even though Experian has deleted any reference to bankruptcy in its general report regarding Plaintiff.

V

As a result of this negligence of Experian, Plaintiff is entitled to actual damages including a loss of $12,000 in the forced sale of her truck, for credit denials which would have saved her own home in the amount of $50,000 plus damages for emotional distress and frustration in an amount to

be proven at trial. Further she has had to employ a credit repair company at a cost of $774 and spent $4500 on a mortgage modification company that did not accomplish anything.

## COUNT VI (Willful)

### I

Plaintiff re-pleads Count V except for the allegations of negligence.

### II

Defendant Experian's conduct herein was so reckless that it is willful as defined in the FCRA.

### III

In addition to the damages alleged in Count V, the Plaintiff is entitled to statutory damages of $2000 and punitive damages.

WHEREFORE, Plaintiff asks for the following relief:

1. Judgment pursuant to Count 1 against Saxon for actual damages including a loss of $12,000 in the forced sale of her truck, for credit denials which would have saved her own home in the amount of $50,000 plus damages for emotional distress and frustration in an amount to be proven at trial. Further she has had to employ a credit repair company at a cost of $774 and spent $4500 on a mortgage modification company that did not accomplish anything, and for statutory damages of $1000.

2. Judgment pursuant to Count II against Saxon and Count IV and V against Experian jointly for actual damages including a loss of $12,000 in the forced sale of her truck, for credit denials which would have saved her own home in the amount of $50,000 plus damages for emotional distress and frustration in an amount to be proven at trial. Further she has had to employ a credit

repair company at a cost of $774 and spent $4500 on a mortgage modification company that did not accomplish anything.

3. Judgment pursuant to Count III against Saxon and Count VI against Experian for actual damages including a loss of $12,000 in the forced sale of her truck, for credit denials which would have saved her own home in the amount of $50,000 plus damages for emotional distress and frustration in an amount to be proven at trial. Further she has had to employ a credit repair company at a cost of $774 and spent $4500 on a mortgage modification company that did not accomplish anything, and for statutory damages in the amount of $2000 and punitive damages

4. Costs and Attorneys Fees pursuant to 15 USC 1692K and 15 USC 1681 and in the amount of $10,000 if this matter proceeds by default against either Defendant.

5. Interest on any damage amounts as allowed by law.

6. Such other relief as the Court deems just.

PLAINTIFF DEMANDS A TRIAL BY JURY

Dated this 13 day of May, 2010.

                                             ____/s/____John Gannon_____
                                             Attorney for Plaintiff